**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
EASTERN DIVISION**

**Larry Frank**

        **Plaintiff**

    **v.**                                    **Case No.**

**COSTCO WHOLESALE CORPORATION**

**And**

**ADVANTAGE SALES & MARKETING LLC
d/b/a ADVANTAGE SOLUTIONS**

      **Defendant**

## COMPLAINT  FOR VIOLATIONS IHRA, ADA AND OTHER STATE COURT ACTIONS

    **NOW COMES** Plaintiff, Larry Frank, by and through his attorney Steven D. Horak and for his cause of action states as follows:

1. Plaintiff, **Larry Frank**, is a male who resides in Cook County Illinois. Plaintiff is a disabled individual who was qualified to do his job.  Plaintiff was diagnosed with autism. Plaintiff notified Defendant of his disability.

2. Defendant, **ADVANTAGE SALES & MARKETING LLC d/b/a ADVANTAGE SOLUTIONS** is a company that works with Defendant Costco to perform advertising or demonstrations for companies and at Costco.

3. Defendant **COSTCO WHOLESALE CORPORATION ("**Costco") sells products online and as a sales warehouse where people purchase a membership to shop there. Defendant Costco contracts with Defendant Advantage Solutions to do demonstrations to help sell its products.

4.  Plaintiff Larry Frank is diagnosed as autistic. Frank has other medical diagnosis that make him disabled in thinking and other issues that substantially impair a major life activity.

5.  Defendants are private employers who do business in the State of Illinois and have offices in the State of Illinois. Both Defendants engaged in a business that affects interstate commerce that employs 15 or more persons within the state during at least 20 weeks of a year. Defendants may be served through their respective registered agents.

6.  The Court has jurisdiction over this case as it is a federal question of law. This case is brought pursuant to Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117. This Court has supplemental jurisdiction over the Illinois Human Rights Act and the other state Court actions under 28 U.S. Code § 1367.

7.  Venue is proper in this Court as Defendants are located in Illinois and acts and occurrences and the actions occurred in Illinois.

8.  Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights in a timely manner. Plaintiff received a right to sue letter from the EEOC and a notice to opt out from the IDHR within 90 days of this suit being filed.

9.  Plaintiff has complied with all jurisdictional prerequisites to filing this suit.

10. Defendant Advantage Solutions was aware of Plaintiff's disability while employed by Defendant. Plaintiff is on medication for his autism and Advantage Solutions was aware of this.

11. Plaintiff worked for Advantage Solutions at Costco in Lake County as a demonstrator for samples

12. Costco controls the Defendant Advantage Solutions and as such is an employer of

Plaintiff under both the ADA and IHRA.  Defendant Costco notified Defendant that It would not allow Plaintiff to work in its store.

13. In the Fall of 2024, while at the Costco store, the fire alarm went off in store.  Due to Plaintiff's disability, Plaintiff became confused and panicked. Customers and individuals who were at Defendant's store were nervous and anxious to get out of the store. Plaintiff tried to help and pointed the individuals to the exit  Plaintiff had problems speaking due to the stress of the situation.

14. After the fire incident, Plaintiff was told by managers of Advantage Solutions as Plaintiff, was visibly shaken from the event, "to take the day off" as the fire alarm affected me.

15. The manager for Costco observed Plaintiff having a panic attack and upset.  Defendant witnessed Plaintiff  and knew or perceived Plaintiff being disabled.

16. The Costco manager banned Plaintiff from the Lake County Store due to Plaintiff being autistic and having a panic attack from the fire alarm and situation that occurred.

17. Advantage Solutions suspended the Plaintiff and then fired him due to his being autistic and his panic attack.

18. Plaintiff was able to perform his job in a satisfactory manner even with his disability.

19. But for Plaintiff's disability Plaintiff would not have been fired.

20. Plaintiff's disability was unrelated to his ability to perform his job duties and Plaintiff was qualified to do his job with or without an accommodation.

**21.** The actions of DEFENDANTS toward Plaintiff were malicious or recklessly indifferent to PLAINTIFF'S rights.

22. Defendants were aware of Plaintiff's disability at the time he was hired through the time the Employer fired the Plaintiff.

## COUNT I  IHRA -DISABILITY DISCRIMINATION

23. Plaintiff realleges paragraph 1-27 as set further herein.

24. Defendants are employers as defined by IHRA 775 ILCS 5/1-103.

25. Section 5/1-103(I) states that a " disability" means a determinable physical or mental characteristic of a person, including, but not limited to, Disability" means a determinable physical or mental characteristic of a person, including, but not limited to, a determinable physical characteristic which necessitates the person's use of a guide, hearing or support dog, the history of such characteristic, or the perception of such characteristic by the person complained against, which may result from disease, injury, congenital condition of birth or functional disorder and which characteristic."

26. Plaintiff was an individual protected from discrimination under the IHRA since he was (1) are currently exhibiting a condition that constitutes a disability, (2) have a history of exhibiting such a condition, and/or (3) are perceived as being or having exhibited such a condition.

27. Plaintiff with his autism and panic attacks is an individual with a disability within the meaning of 775 ILCS 5/1-103(I).

28. Plaintiff's autism and other medical issues are a disability under the IHRA and does not interfere with his ability to do his job.

29. Employer's termination of Plaintiff's  employment was done because of his disability and the Employer's actions were unlawful discrimination against Plaintiff in violation of 775 ILCS 5/1-103 (Q).

30. The IHRA prohibits employers from discriminating against qualified individuals based on physical or mental disabilities and requires employers to make **reasonable accommodations** based on a known physical or mental handicap.

31. Employers must make reasonable accommodation of the known physical or mental limitations of otherwise qualified, disabled, applicants or employees, unless the employer or labor organization can demonstrate that accommodation would be prohibitively expensive or would unduly disrupt the ordinary conduct of business. 56 Ill.Admin. Code pt. 2500.

32. The Human Rights Act further defines "unlawful discrimination" as "discrimination against a person because of … disability." 775 ILCS 5/1-103(Q). Defendant violated 775 ILCS 5/1-103(Q) when it fired the Plaintiff and failed to reasonably accommodate the Plaintiff.

33. Defendants violated the ADA when it did the following:
    a. Defendants fired the plaintiff because of his disability.
    b. Defendants refused to reasonably accommodate the Plaintiff and/or
    c. Defendants treated Plaintiff differently in terms of the terms and conditions of his employment which harmed the Plaintiff.

34. Employer's actions towards Plaintiff damaged Plaintiff. Plaintiff has suffered monetary loss, loss to his reputation, pain and suffering and other damages. 775 LICS 5/2-102(A) makes it unlawful for an employer to engage in harassment or discharge, discipline and create different privileges or conditions of employment based upon a person's disability.

## <u>COUNT II ADA</u>

35. PLAINTIFF realleges paragraph 1-34 into Count II as set forth herein.

36. Plaintiff is a person who is disabled under the ADA.

5

37. Plaintiff's impairments substantially limited him in one or more major life activities, including but not limited to: thinking, reacting to, and/or functioning at other major life activities.

38. Defendant is an employer as defined by the ADA.

39. Plaintiff is an otherwise qualified individual with a disability subject to the protections afforded under Title I of the ADA, 42 U.S.C. §§ 12111, et seq.,

40. Title I of the ADA prohibits an employer from failing to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity[.]" 42 U.S.C. § 12112(b)(5)(A). 26.

41. An employer may not deny "employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee[.]" 42 U.S.C. § 12112(b)(5)(B). 27.

42. The ADA states that an employer is required to make a reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of [the employer]." 42 U.S.C. 12112(b)(5)(A).

43. Defendants violated the ADA when it did the following:

 a. Defendants fired the plaintiff because of his disability.
b. Defendants refused to reasonably accommodate the Plaintiff and/or
c. Defendants treated Plaintiff differently in terms of the terms and conditions of his employment which harmed the Plaintiff.

44.  Defendants' termination of Plaintiff due to his disability violated ADA, 42 U.S.C.

12112(b)(2).

COUNT III RETALIATION

45. PLAINTIFF realleges paragraph 1-48 into Count II as set forth herein.

46. The ADA and IHRA does not allow employers to retaliate against a person due to making a complaint of discrimination and or asserting their rights to not be discriminated due to a person's disability.

47. Plaintiff objected to Defendant Advantage Solutions suspending him and complained that he was being treated different due to his disability and Costco not allowing it on its property.

48. Defendants owed  and acknowledged it owed Plaintiff pay and accumulated sick pay.

49. Defendants failed to pay Plaintiff payments owed to him including sick pay and money owed Plaintiff.

50. The failure to pay Plaintiff and his termination were in retaliation for Plaintiff filing a complaint of discrimination against Defendants.

51. Plaintiff was damaged by Defendants' action in that he was not paid, was terminated by Defendants in retaliation of his making a complaint of discrimination.


**COUNT IV TORTIOUS INTERFERENCE ISTH THIRD PARTY CONTRACT AGAINST COSTCO**


52. PLAINTIFF realleges paragraph 1-51  into Count IV\ as set forth herein.

53. Defendant Costco knew Plaintiff was employed by Defendant Advantage Solutions and that is was a contractual relationship.

54. Plaintiff as an employee with Defendant had a valid and enforceable contract with Defendant Advantage Solutions.

55. Defendant Cosco knew that Plaintiff had a contract with Defendant Advantage Solutions.

56. Costco was aware of the existence of the contract between the employee and the third party.

57. Defendant Costco intentionally and unjustifiably interfered with the Plaintiff's contract with Defendant Advantage Solutions and had Plaintiff fired.

58. As a proximate result of Defendant Costco's actions, Plaintiff was damaged and fired from the employment of Defendant Advantage Solutions.

59. This interference of Costco to Plaintiff, induced the Defendant Advantage Solutions to breach and terminate the Plaintiff's contract for employment.

60. After the fire alarm and Plaintiff having a panic attack, Defendant Costo told Defendant Advantage Solutions that Plaintiff could no longer work in its store.

61. The actions of Defendant Costco damaged the Plaintiff.

## V. WAGE PAYMENT COLLECTION ACT

62. Plaintiff realleges paragraphs 1-61 as set forth herein.

63. 820 ILCS 115/5 requires an employer to pay final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee.

64. Defendant failed to make full payment to Plaintiff for his wages and other pay including vacation and sick pay.

65. Pursuant to 820 ILCS 115/14, Defendant owes Plaintiff statutory penalties including 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. Additionally, Defendant owes Plaintiff costs, and all reasonable attorney's fees.

WHEREFORE, Plaintiff prays that this Court (i) declare that the employment practices complained of in this complaint are unlawful in that they violate the ADA and IHRA; (ii) declare that the employment practices complained of in this complaint are unlawful in that they violate the ADA and IHRA; permanently enjoin the Defendants and their agents, officers and employees from engaging in all practices found by this Court to be in violation of the ADA and/or IHRA; (iii) order the Defendants to make the Plaintiff whole with full back pay, and reimbursement for all loss of fringe benefits, insurance, Social Security, front pay and other monetary and non-monetary benefits, and prejudgment interest, all in amounts to be proved at trial; (iv) order that the Defendants pay Plaintiff a sum in excess of $300,000 as compensatory and punitive damages; (v) Order Defendants to employ the Plaintiff to the position he would have been in had he continued to work for Defendants with all pay and promotion he would have made or pay Plaintiff front pay; (vi) retain jurisdiction over this action to ensure full compliance with the Court's orders and require the Defendants to file such reports as the Court deems necessary to evaluate such compliance; (vii) order the Defendants to pay Plaintiff's costs and expenses and reasonable attorneys' fees as provided in IHRA and/or the ADA in' connection with this action; and (viii) grant such other and further relief to the Plaintiff as the Court deems just and proper.

## **JURY DEMAND**

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

/s/ Steven D. Horak
Steven D Horak #
940 Knollwood Dr
Buffalo Grove IL 60089
847-877-3120
Steve@stevenhoraklaw.com
Attorney For Plaintiff